# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

**CRECENCIO VELAZQUEZ** :

    **Petitioner** :

           **CIVIL ACTION NO. 4:08-0841**

    **v.** :

           :       **(MANNION, M.J.)**

**UNITED STATES PAROLE**
**COMMISSION** :

    **Respondent** :

## MEMORANDUM[1]

On May 6, 2008, petitioner Crecencio Velazquez, currently incarcerated at the Federal Correctional Institution at Allenwood in White Deer, Pennsylvania ("FCI Allenwood"), filed a petition for writ of mandamus. (Doc. No. 1 at 1). The court construes petitioner's petition for writ of mandamus as a petition for writ of habeas corpus and, for the reasons set forth below, the petition will be **DENIED**.

## I. FACTS AND PROCEDURAL BACKGROUND

On August 5, 1986, petitioner was sentenced by the United States

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

District Court for the Western District of North Carolina to a thirty year term of imprisonment because he was convicted of (1) aiding and abetting the possession and transport of firearms, (2) aiding and abetting and causing the transportation in interstate commerce of unregistered firearms, (3) placing, aiding and abetting the placement of firearms aboard aircraft in baggage, (4) conspiracy to commit escape, (5) aiding and abetting an escape, and (6) corruptly giving and offering something of value to a public official. (Doc. No. 6 at 2); Respondent's Ex. 3 (Doc. No. 6-2 at 16). Petitioner was paroled on June 11, 2002, and was to remain under parole supervision until April 18, 2018. (Doc. No. 6 at 2); Respondent's Ex. 3 (Doc. No. 6-2 at 16).

On June 19, 2003, the Commission issued a warrant charging petitioner with violating the conditions of his parole by engaging in (1) conspiracy to possess with intent to distribute cocaine, (2) conspiracy to use and carry firearms during and in relation to a drug trafficking crime, (3) conspiracy to commit a home invasion robbery, and (4) for his failure to report his arrest for these conspiracy charges to his probation officer. Respondent's Ex. 3 (Doc. No. 6-2 at 16-17). Furthermore, the Commission instructed the United States Marshal Service that petitioner was in custody pending new federal charges, and that the Commission's warrant should be placed as a detainer on

petitioner. (Doc. No. 6 at 3); Respondent's Ex. 4 (Doc. No. 6-2 at 18).

On December 5, 2003, petitioner was convicted of being a felon in possession of a firearm, and was sentenced by the United States District Court for the Southern District of Florida, to a term of an eighty-four months of imprisonment. Moreover, the Commission informed the court that its warrant, which was placed as a detainer, would be executed at the time of petitioner's release from his new sentence, August 4, 2009. (Doc. No. 21 at 2).

On June 13, 2005, petitioner wrote a letter to the Commission that stated:

> "It is my understanding that by pleading guilty to this offense [convicted felon in possession of a firearm], I have violated the terms and conditions of my parole and [I] am subject to revocation. I would like to enter a plea of 'guilty' to the violation of my parole for Possession of Firearms by a Prohibited Person. I understand that by entering this plea of guilty I am waiving any right I may have to have a hearing before the [C]ommission . . . It is my request that the [C]ommission accept this letter as an admission of my guilt and proceed to enter a sentence for this violation."

(Doc. No. 1 at 6-7).

On August 29, 2007, the Commission entered an order to "Let the detainer stand," after having reviewed the detainer pursuant to 28 C.F.R. §2.47. (Doc. No. 6 at 3); Respondent's Ex. 5 (Doc. No. 6-2 at 19).

On May 6, 2008, petitioner filed the instant petition, which alleges that on numerous occasions, he has requested "a disposition of this matter," specifically a parole revocation hearing. He alleges his attempts were to no avail, as he had not heard from the Commission. (Doc. No. 1 at 3). Petitioner claims the outstanding warrant has resulted in an increase of his custody classification, has prevented him from participating in programs that he would otherwise be eligible to participate in, and has resulted in him being incarcerated for a longer period of time then he should be incarcerated for. *Id. See also* (Doc. No. 9 at 12). Petitioner further claims that the sentence he is serving for his new criminal charges should be credited towards his pending parole violation, thereby making the sentences concurrent. (Doc. No. 9 at 7). On June 24, 2008, the Commission filed a response, (Doc. No. 6), and on July 15, 1008, the petitioner filed a reply, (Doc. No. 9).

On June 30, 2009, respondent advised the court that petitioner would become eligible for a parole violation hearing after August 4, 2009, the completion of petitioner's sentence. (Doc. No. 17). On August 29, 2009, the court issued an order directing respondent to advise the court, by September 10, 2009, of the date of petitioner's parole violation hearing . (Doc. No. 20). Accordingly, on September 10, 2009, respondent informed the court that the

Bureau of Prisons executed the Commission's warrant on August 4, 2009, and that petitioner had been placed on the Commission's hearing docket for the week of October 26, 2009, within the ninety-day time limit for revocation hearings following execution of the warrant. (Doc. No. 21 at 3); Respondent's Ex. 2 (Doc. No. 21-2 at 5).

## II. DISCUSSION

### A. Habeas Corpus

Although petitioner filed the instant petition as a petition for writ of mandamus, the court will construe the petition as a petition for writ of habeas corpus. As explained in *De La Cruz Jimenez v. Holt*, No. 07-1304, 2007 U.S. Dist LEXIS 56204, at *4 (M.D. Pa. Aug. 2, 2007):

> Mandamus is an extraordinary remedy to be utilized only in the clearest and most compelling cases. See *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). A petitioner seeking the issuance of such writ must establish that he has no other adequate means of relief and, most importantly, that his or her right to the writ of mandamus is clear and indisputable. *Kerr v. United States Dist. Court*, 426 U.S. 394 (1976)(citations omitted). Thus, mandamus is available to Petitioner only if he shows that (1) he has a clear right to the relief sought, (2) Respondent has a clear duty to perform, and (3) no other adequate remedy is available. See *Brow v. United States Dist. Court*, 121 Fed. Appx. 443, 444 (3d Cir. 2005). Indeed, the critical consideration in determining the propriety of resort to a writ of mandamus is the question of alternative remedies; the writ is usually denied when such

5

alternatives exist.

In this case, respondent argues, and the court agrees, that mandamus relief is not available to petitioner because there is an alternative remedy available to petitioner, a petition for writ of habeas corpus. *See [In re Ojeda v. Rios,](#) 863 F.2d 202, 205 (2d Cir. 1988)* (precluding mandamus relief because habeas corpus relief was available under 28 U.S.C. § 2241). As petitioner is in federal custody and is attacking the terms and duration of that custody, he could have brought a petition for writ of habeas corpus under 28 [U.S.C. §2241. *See Barden v. Keohane,* 921 F.2d 476, 478-79 (3d Cir. 1990)](#) (collecting cases). Consequently, mandamus relief is not available to petitioner, and the court will construe the petition as a petition for writ of habeas corpus. *See Baldwin v. Angelinie*, No. 03-1144, 2004 U.S. Dist. LEXIS 27274, at*2 (M.D. Pa. Jan. 28, 2004)(construing petition for writ of mandamus as a habeas corpus petition).[2]

**B. Due Process Claims**

The petitioner claims that the warrant should have been executed or alternatively, the warrant should be considered executed, and, therefore, his

---

[2] Although petitioner also contends the court could construe the instant petition as an action brought under 42 U.S.C. § 1983, for the reasons set forth above, the court will construe the instant petition as a habeas petition.

due process rights were violated because he has not yet received a parole revocation hearing. (Doc. No. 1); (Doc. No. 9). This argument lacks merit. The statute which governs parole revocations, 18 U.S.C. § 4214, provides, in relevant part: "Any alleged parole violator who is summoned or retaken by warrant . . . shall receive a revocation hearing within ninety days of the date of the retaking." 18 U.S.C. § 4214(c). Section 4214(c) makes clear that it is the date of a warrant's execution, not the date of the underlying parole violation, that triggers the time frame for conducting a revocation hearing. *Lester v. Sherman*, 2006 WL 2380680, at *4 (W.D. Pa. Aug. 16, 2006) (internal citations omitted). The Supreme Court has held that "a federal parolee imprisoned for a crime committed while on parole is [not] constitutionally entitled to a prompt parole revocation hearing when a parole violator warrant is issued and lodged with the institution of his confinement but not [executed]." *Moody v. Daggett*, 429 U.S. 78, 79 (1976). Moreover, in *Moody*, the Court also held that nothing in the statute or regulations provides any right to force the decision of the Commission sooner. *Id.* at 87-88.

In this case, when petitioner was requesting his parole revocation hearing, he was imprisoned for his new criminal charges, not for his parole violations. Therefore, the relevant date for determining the timeliness of the

petitioner's revocation hearing is August 4, 2009, the date the warrant was executed. As petitioner's hearing is presently scheduled for the week of October 26, 2009, well within the mandated ninety-day time frame, petitioner's claim lacks merit. Consequently, the court rejects petitioner's due process claim because petitioner had no constitutional right to a parole revocation hearing prior to the execution of the warrant, and moreover, petitioner had no right to early execution of the warrant, namely to force a decision of the Commission.[3] *See Moody*, 429 U.S. at 84-88.

To the extent petitioner complains about the length of his sentence, this claim must also be denied. In *Moody*, the petitioner asserted his protected liberty interest in the length of his confinement, and argued that the issuance of the unexecuted parole violator warrant barred him from serving his 1962 rape conviction sentence concurrently with his 1971 homicide sentences. *See Moody*, 429 U.S. at 85. The Supreme Court explained:

> Petitioner's present confinement and consequent liberty loss derive not in any sense from the outstanding parole violator warrant, but from his two 1971 homicide convictions. Issuance of the warrant and notice of that fact to the institution of confinement

---

[3] As the warrant has already been executed, the court also finds any claim relating to the execution of the warrant is moot. *See Powell v. McCormack*, 395 U.S. 486, 496 (1969)(A claim becomes moot when a "live" controversy no longer exists.).

8

did no more than express the Board's intent to defer consideration of parole revocation to a later time. Though the gravity of petitioner's subsequent crimes places him under a cloud, issuance of the warrant was not a determination that petitioner's parole under his 1962 rape conviction will be revoked; the time at which the Commission must make that decision has not yet arrived. With only a prospect of future incarceration which is far from certain, we cannot say that the parole violator warrant has any present or inevitable effect upon the liberty interests which *Morrissey* sought to protect. Indeed, in holding that "[the] revocation hearing must be tendered within a reasonable time after the parolee is taken into custody," *Morrissey*, 408 U.S., at 488, we established execution of the warrant and custody under that warrant as the operative event triggering any loss of liberty attendant upon parole revocation. This is a functional designation, for the loss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant. Cf. 18 U.S.C. §4206; 18 U.S.C. § 4213(d) (1976).

His [Petitioner's] real complaint is that he desires to serve his sentence for the 1962 rape conviction concurrently with his sentences for two 1971 homicides. But, as we have noted, even after completion of the homicide sentences the Commission retains full discretion to dismiss the warrant or decide, after hearing, that petitioner's parole need not be revoked. If revocation is chosen, the Commission has power to grant, retroactively, the equivalent of concurrent sentences and to provide for unconditional or conditional release upon completion of the subsequent sentence. See 18 U.S.C. §§ 4211, 4214(d) (1976 ED.); 28 CFR §§ 2.21, 2.52(c)(2) (1976). Thus, deferral of the revocation decision does not deprive petitioner of any such opportunity; nothing in the statute or regulations gives him any "right" to force the decision of the Commission at this time.

*Moody*, 429 U.S. at 86-88.

In the instant case, petitioner's claim that the sentence he is serving for

his new criminal charges should be credited towards his pending parole violation, thereby making the sentences concurrent, is without merit. As explained in *Moody,* petitioner's present confinement is due to his new criminal charges, and he has no right to force a decision by the Commission until the parole violator warrant is executed. *Id.* Furthermore, the warrant has been executed and he is presently scheduled for a hearing, and he was not entitled to one sooner.

In addition, petitioner complains that the detainer and previously unexecuted warrant adversely affected his prison classification and his ability to participate in certain institutional programs. The court finds that these claims must also be rejected. The Supreme Court has held that the Due Process Clause is not implicated by "prisoner classification and eligibility for rehabilitative programs," even where an inmate suffers "grievous loss" because "Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. §4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process." See *Moody*, 429 U.S. at 88. *See also Rauch v. Dep't of Corr.*, No. 04-2216, 2007 U.S. Dist. LEXIS 85677 (M.D. Pa. Nov. 16, 2007).

**III. CONCLUSION**

On the basis of the foregoing, the Petition for Habeas Corpus will be denied. An appropriate order will follow.

                                    s/ *Malachy E. Mannion*
                                    **MALACHY E. MANNION
                                    United States Magistrate Judge[4]**

**DATE: October 13, 2009**
O:\shared\MEMORANDA\2008 MEMORANDA\08-0841-01.wpd

---

[4]For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CRECENCIO VELAZQUEZ** : | |
| Petitioner : | |
| : | **CIVIL ACTION NO. 4:08-0841** |
| v. : | |
| : | **(MANNION, M.J.)** |
| **UNITED STATES PAROLE** : | |
| **COMMISSION** | |
| : | |
| Respondent | |

## O R D E R[5]

Based upon the memorandum issued by the court this same day, **IT IS HEREBY ORDERED THAT:**

**1)** the Petition for Habeas Corpus (Doc. No. 1) is **DENIED,** and

**2)** the court concludes that there is no basis for the issuance of a Certificate of Appealability.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
United States Magistrate Judge

**DATE: October 13, 2009**

---

[5]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.